James M. Piotrowski, ISB# 5911
Marty Durand, ISB# 5111
HERZFELD & PIOTROWSKI, PLLC
P.O. Box 2864
824 W. Franklin Street
Boise, Idaho 83701
Telephone: (208) 331-9200
Facsimile: (208) 331-9200
Email: James@idunionlaw.com
Email: Marty@idunionlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| JOHN U'REN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE REINALT-THOMAS ) <br> CORPORATION, D/B/A ) <br> DISCOUNT TIRE, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO. 1:18-cv-293 |

COMES NOW the Plaintiff, by and through undersigned counsel, and for his complaint would show as follows:

**I. Nature of Case**

1.  Plaintiff John U'ren ( "Plaintiff") brings suit against Reinalt-Thomas Corporation (hereinafter referred to as "Discount Tire") for failure to pay wages due under the Fair Labor Standards Act (hereinafter "FLSA").  Plaintiff asserts that Discount Tire's paid Assistant Managers like Plaintiff U'ren rates of pay that violated the FLSA.  Specifically, U'ren was

misclassified as salaried and/or as having a variable "salary" that covered straight time for all hours worked. In fact, U'ren was not paid on a salary basis, and was not exempt from the FLSA's requirement that he receive one and one half times his regular hourly rate for all hours worked in excess of 40 per week. Discount Tire, billing itself as the largest retail tire chain in the Country, has systematically cheated employees like U'ren out of their wages.

## II. Parties

2. Plaintiff John U'ren is an individual and a resident of Boise, Idaho. He was employed by Discount Tire as an Assistant Manager for approximately 6 years at one of its Idaho stores, such employment ending in April, 2018. He has consented to joint this litigation pursuant to his signed consent attached hereto as Exhibit 1.

3. The Reinalt-Thomas Corporation is a foreign corporation that, to the extent Plaintiff can determine has never registered to do business in the State of Idaho. It does business under the trade name Discount Tire and operates retail locations throughout the U.S. and Idaho selling, installing and servicing automobile tires. Discount Tire is engaged in interstate commerce, buying, selling and shipping millions of dollars worth of goods across state lines.

4. Plaintiff brings claims arising under the Fair Labor Standards Act, 29 U.S.C. §206, and thus jurisdiction is appropriate pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over claims arising under state law exists pursuant to 28 U.S.C. §1367. Venue is appropriate in this District as the Plaintiff resides herein, and the facts and events giving rise to the claim occurred herein.

## III. Facts Giving Rise to Action

5. Plaintiff U'ren began working as an Assistant Manager for Discount Tire in Idaho in the fall of 2012, and remained so employed until he left the company in April, 2018. As an

Assistant Manager, U'ren's duties were almost indistinguishable from those of the Tire Technicians with whom he worked. U'ren removed, serviced, and installed tires and other automotive parts and accessories. He helped to maintain the shop, remove refuse, including old tires, clean work areas, and perform other duties as and when necessary. Although he was provided a set of keys so that he could open or close his assigned store when needed, U'ren had no other management responsibilities. U'ren was not authorized to set or modify company policy, hire, discipline, promote or terminate other employees, or exercise any leadership role other than on an occasional and non-routine basis. U'ren did utilize his professional judgment in performing work such as providing customer service, tire repair and installation, and related matters, but this judgment was the same that was expected of all employees.

  6. Mr. U'ren worked a varying schedule during his years at Discount Tire. He was most often scheduled to work 45 hours per week, but he routinely worked far more hours than he was scheduled. As Assistant Manager, U'ren was often scheduled to work the shift that included the store's closing hour. Because Discount Tire prides itself on not turning customers away and providing excellent customer service, if customers were present, jobs were underway, or work had become backed up for any reason, U'ren (like the Tire Technicians) was expected to remain until the work was completed. In addition, if other workers missed their scheduled shifts for any reason, U'ren was expected to and did help perform the additional work caused by such absences.

  7. In order to provide excellent customer service and meet the needs of Discount Tire's business, U'ren routinely worked 48-52 hours per week, and would frequently work 65 to 70 hours each week during busier times of year.

8. U'ren was paid a "salary" for his work. U'ren's salary increased from time to time as a result of periodic and merit-based raises, and by the time he left Discount Tire he was receiving a "salary" of approximately $750 per week, which was based on an hourly rate of $17.24. This was not actually a "salary" within the meaning of the FLSA. Although it was called a salary by both Discount Tire and its employees, the amount paid was subject to change if U'ren worked less than 45 hours in a particular work week. In other words, U'ren was not paid a "salary" if his hours fell below his scheduled hours, meaning his pay was not salary based.

9. The "salary" was also insufficient to satisfy the minimum salary requirement set by DOL regulations effective December 1, 2016, which required that for an employee to be exempt from the FLSA's overtime requirements an employee must earn a salary of at least $913 per week.

10. Because U'ren's duties did not satisfy any of the categories of exemptions, his employment also did not satisfy the "duties" test of the FLSA exemptions. U'ren was not employed in a position for which his primary, main, customary or regular duties included work that satisfied the Executive, Administrative, Professional, Computer or Outside Sales exemptions. The vast majority of U'ren's work, and his primary work, was the sale, removal, installation and servicing of tires and related automotive systems and accessories. His primary place of work was in the garage of the Discount Tire store.

11. Because U'ren's work and pay satisfied neither the salary basis nor duties tests required to be met to satisfy an exemption from the FLSA, U'ren was required to and did receive overtime pay. Discount Tire paid U'ren one-half time for his hours in excess of 40 each week, rather than time and one half. Although the payment of half-time for overtime hours is permissible if the employee otherwise receives a fixed salary for a fluctuating workweek, that

provision was misapplied to U'ren because he only received his salary when his work hours "fluctuated" above 45 hours per week, but his pay was reduced if his work hours "fluctuated" below 45 hours per week.  U'ren was thus misclassified a "salaried" worker.  This unlawful method of paying U'ren for his overtime hours continued until sometime in 2016 or 2017.

### IV.  Claim for Relief

12.  Plaintiff U'ren incorporates the previous paragraphs herein as if fully restated.

13.  U'ren was an hourly employee who was entitled to be paid one and one half times his regular rate of pay for each hour in excess of 40 that he worked in any workweek.  U'ren did not receive pay at that rate, but instead only received one-half of an arbitrarily and unlawfully calculated rate of pay that did not correspond to his "regular" rate of pay.

14.  As a direct and proximate result of the foregoing, Plaintiff U'ren has suffered damages in the form of lost wages and the lost use of money owed to him, in amounts to be proven at trial.

15.  Discount Tire knew or should have known that its payroll practices were unlawful under the FLSA, but willfully chose to not comply with statutory and regulatory provisions of law governing overtime pay.  As a result of its knowing and willful violations of the law, Plaintiff U'ren is entitled to the application of a three year limitations period, and for liquidated damages in an amount equal to his unpaid wages.

WHEREFORE, Plaintiff prays for judgment as follows:

a. For trial by jury as to all items so triable;

b. For an award of all amounts owed pursuant to the Fair Labor Standards Act and its implementing regulations;

c.  For an additional, equal amount as liquidated damages pursuant to law;

d.  For an award of his costs and attorney fees;

e.  For all other and further relief to which he may be entitled.

DATED this 3rd day of July, 2018.

        /s/ James M. Piotrowski_____
James M. Piotrowski
Of the Firm
Marty S. Durand
HERZFELD & PIOTROWSKI, PLLC
P.O. Box 2864
824 W. Franklin Street
Boise, Idaho 83701

CONSENT TO JOIN LITIGATION

I, __John U'Ren__ (print name) do hereby agree and consent to join as a plaintiff in litigation against __Discount Tire__ and/or their predecessors and successors in interest. I understand that such litigation will relate to allegations that my employer or past employer did not pay me and other workers for all of the time worked including, but not limited to overtime hours. I further understand that the suit may be brought under the Federal Fair Labor Standards Act as well as under any other relevant federal or state laws.

DATED this __13__ day of __June__, 2018.

_____
Signature

Exhibit 1